UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**BRANDON LEE CARROLL**                                                                  **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 5:22-cv-126-JHM**

**BRAD BOYD et al.**                                                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

*Pro se* prisoner Plaintiff Brandon Lee Carroll brought this 42 U.S.C. § 1983 lawsuit. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court will dismiss some of Plaintiff's claims and allow Plaintiff the opportunity to amend others.

**I. STATEMENT OF CLAIMS**

Plaintiff, a convicted prisoner, brings claims related to his incarceration at the Christian County Jail (CCJ). He names as Defendants the CCJ Jailer Brad Boyd; the CCJ; Wendall Lynch, the Mayor of the City of Hopkinsville; the City of Hopkinsville; and CCJ Jailer Brad Hughes. He sues Defendants Boyd and Hughes in their individual and official capacities and Defendant Lynch in his individual capacity but does not indicate in what capacity he sues the other Defendants.

Plaintiff's first claim alleges that while he was incarcerated at the CCJ between April 2021, and January 18, 2022, he contracted the coronavirus twice: in May 2021 and September 2021. He alleges that the CCJ did not "obey guidelines/protocol quarantining, social distancing, or testing." He states that his cell was overcrowded with no ability to social distance; that new inmates were not tested, quarantined, or required to wear a mask; that officers were not required

to wear masks; that trustees were not required to wear masks or gloves when they passed out meals; and that cleaning supplies were not available. Plaintiff also alleges that it was not possible to mop the floors due to overcrowding; that "[b]lack mold rapidly grew in bathroom, showers and ceiling;" and that the sewer drain backed up but that floors were only mopped as a result, not sanitized. He further alleges that his cell included inmates with the HIV/AIDS virus, yet nail clippers and razors were shared without disinfecting them.

Plaintiff's second claim alleges that tobacco products were sold to underage inmates.

Third, Plaintiff alleges that there has been misuse of "funds and commissary w[h]ere personal profits/gain were made." He states that the Jailer resigned after he was reported for misuse of commissary funds.

Finally, Plaintiff states that due to a "backed up trial date" because of COVID-19 and his concern for his health, he was "advised into a deal" which he was told that he could appeal at a later date. But, according to Plaintiff, when he tried to appeal his case, he was told that his public advocate could no longer assist him and that he would have to hire a private attorney. Plaintiff asserts that he will not be able to return to his "previous career d[ue] to Corona virus and criminal record."

Plaintiff requests monetary and punitive damages, to have his charges expunged and his civil rights restored, and to be pardoned by the Governor.

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When screening the complaint, the

Court must construe it in the light most favorable to Plaintiff and accept well-pled allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quotation omitted). And while a court must liberally construe *pro se* pleadings, *see id.* at 471; *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. ANALYSIS

The complaint names Defendants but does not ascribe any specific conduct to them. A plaintiff cannot establish the individual liability of any defendant for violations of his constitutional rights under § 1983 absent allegations showing that each Defendant was personally involved in the activities which form the basis of his claims. *See Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) ("[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right[.]"). If Defendants are named without allegations of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims because the complaint did not "allege with any degree of specificity which of the named defendants were personally involved in or responsible for each" alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

All of Plaintiff's claims are subject to dismissal on this ground. The Court may, however, allow Plaintiff to amend his complaint to identify specific conduct by each Defendant.

3

*See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[A] district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act])." However, the Court will first consider whether amendment would be futile. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d [at] 951 . . ., and leave to amend should be denied if the amendment would be futile.").

### *A. Plaintiff's first claim*

Plaintiff raises Eighth Amendment claims that he was exposed to COVID-19 and twice contracted it; that he was exposed to black mold and sewage; and that he was housed in a cell with inmates infected with the HIV/AIDS virus where dirty razors and nail clippers were shared.

*1. COVID-19*

Plaintiff alleges that he contracted the coronavirus twice while housed at CCJ where guidelines related to quarantining, social distancing, and testing were not followed. According to the complaint, his cell was overcrowded; new inmates were not tested, quarantined, or required to wear a mask; officers were not required to wear masks; trustees were not required to wear masks or gloves to pass out meals; and no cleaning supplies were available. He also states that he will not be able to return to his previous career due, in part, to the coronavirus.

A deliberate-indifference claim under the Eighth Amendment includes both an objective prong, *i.e.*, that the inmate "is incarcerated under conditions posing a substantial risk of serious harm," and an subjective prong, *i.e.*, that "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

4

The Sixth Circuit Court of Appeals has "stated that 'the objective prong is easily satisfied' in the COVID-19 context, especially among the medically vulnerable." *Sanders v. Macauley*, No. 22-1502, 2022 WL 16729580, at *3 (6th Cir. Aug. 10, 2022), *cert. denied*, 143 S. Ct. 410 (2022) (quoting *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020)).

Because Plaintiff does not make specific allegations as to what each Defendant did, he has not satisfied the subjective prong of a deliberate indifference claim. However, the Court will allow Plaintiff to file an amended Complaint with regard to this claim to explain what actions each Defendant took. *See LaFountain*, 716 F.3d at 951.

*2. Black mold/sewage*

Plaintiff alleges that "[b]lack mold rapidly grew in bathroom, showers and ceiling" and that after the sewer drain backed up, floors were mopped but were not sanitized.

The Eighth Amendment's prohibition against cruel and unusual punishments requires prison officials to "provide humane conditions of confinement." *Farmer*, 511 U.S. at 832. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Plaintiff's conclusory allegations of black mold in the bathroom, showers, and ceiling standing alone fail to describe conditions "intolerable for prison confinement." *Rhodes*, 452 U.S. at 348; *see Rogers v. MacClaren*, No. 1:20-CV-263, 2020 WL 3481541, at *8 (W.D. Mich. June 26, 2020) ("Plaintiff does not suggest that the mold is airborne, and he does not allege that the presence of mold caused him a health problem or created a substantial risk to his health. As a

consequence, Plaintiff's allegations about the presence of mold do not demonstrate the existence of a sufficiently serious risk to prisoner health.") (citation omitted); *McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at *3 (W.D. Mich. Sept. 10, 2007) ("[S]ome exposure to black mold is a risk that society has chosen to tolerate."). The Court finds that it is not necessary to afford Plaintiff the opportunity to file an amended complaint setting forth which Defendants were involved with these claims because to do so would be futile, s*ee Bishawi*, 628 F. App'x at 347, and will dismiss this claim for failure to state a claim upon which relief may be granted. *See, e.g.*, *Brown v. Penick*, No. 1:22-cv-99-GNS, 2022 WL 16702802, at *7 (W.D. Ky. Nov. 3, 2022) ("[B]ecause Plaintiff does not allege that the presence of mold in his cell caused him a health problem or created a substantial risk to his health, the Court finds that this claim must be dismissed for failure to state a claim upon which relief may be granted.").

As for Plaintiff's claim about sewage in his cell, "It is well-established that the presence of *some* unsanitary conditions in a cell (including fecal matter) does not establish an Eighth Amendment claim, except in circumstances where the volume of matter and duration of exposure are extreme. Otherwise, every poorly sanitized or malfunctioning toilet would be cause for constitutional concern." *Edge v. Mahlman*, No. 1:20-CV-892, 2021 WL 3725988, at *3 (S.D. Ohio Aug. 23, 2021). Reading the complaint liberally, the Court considers Plaintiff to be alleging that the sewer-drain issue continued throughout the approximately nine months that Plaintiff was housed at CCJ. Plaintiff does not allege, however, that during that nine-month period, sewage water was left standing in his cell. Instead, according to Plaintiff, the water was mopped up (although sanitizer was not used). *Compare Taylor v. Riojas*, __ U.S. __, 141 S. Ct. 52, 53 (2020) (concluding that a prisoner who alleged that he was placed in "shockingly unsanitary" cells for six days, one of which was covered in "massive amounts" of feces and the

other of which was equipped with only a clogged drain to dispose of bodily waste, stated a violation of the Eighth Amendment); *DeSpain v. Uphoff*, 264 F.3d 965, 974-75 (10th Cir. 2001) (exposure to non-working toilets and other inmates' urine and feces via standing water for thirty-six hours was sufficiently serious).

Additionally, Plaintiff does not allege that he suffered any harm from the sewage problem. "In a multitude of cases, courts have held that even fairly long exposure to unsanitary conditions will not satisfy the objective component of the Eighth Amendment in the absence of any physical harm." *Foster v. Ohio*, No. 1:16-CV-920, 2018 WL 6726965, at *16 (S.D. Ohio Dec. 21, 2018) (and cases cited therein), *report and recommendation adopted*, No. 1:16-CV-920, 2019 WL 210817 (S.D. Ohio Jan. 16, 2019). Plaintiff's claim related to the sewer drain backing up in his cell also must be dismissed for failure to state a claim upon which relief may be granted.

3. HIV/AIDS virus

Plaintiff alleges that, despite the fact that his cell included inmates with HIV/AIDS virus, nail clippers and razors were shared without disinfecting them. Again, the Court assumes for purposes of this initial review that this situation continued for the duration of Plaintiff's stay at the CCJ. The Court finds that Plaintiff has alleged sufficient facts to meet the objective requirement of an Eighth Amendment claim. *See Johnson v. Epps*, 479 F. App'x 583, 590-91 (5th Cir. 2012) (holding that district court erred when it dismissed for failure to state a claim allegations that defendant forced inmates to act as barbers, required the sharing of barber clippers covered in infected blood from other inmates, and that inmates had contracted communicable diseases from this practice); *Lee v. Birkett*, No. 09-cv-10723, 2010 WL 1131485, at *5 (E.D. Mich. Feb. 18, 2010) (discussing the possibility that allegations that prisoners were forced to use

common razors and be exposed to other unsanitary conditions for two months could meet the objective component of the deliberate-indifference standard).

The Court will allow Plaintiff to amend with regard to this claim.

### *B. Plaintiff's second and third claims*

Plaintiff alleges that the sale of tobacco products to underage inmates and the misuse of commissary funds occurred at the CCJ.

For a plaintiff to invoke federal jurisdiction to bring suit in the federal courts, he must demonstrate standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992). Standing is central to the "case-or-controversy" requirement of Article III, § 2 of the U.S. Constitution. *Juidice v. Vail*, 430 U.S. 327, 331 (1977). Even if the parties have not raised the issue, a court is "obligated to consider the issue *sua sponte*, if necessary." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 488 n.4 (1980) (Rehnquist, J., dissenting); *see also Juidice*, 430 U.S. at 331. To satisfy the requirement for standing, Plaintiff must show that: 1) he suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent; 2) the injury is fairly traceable to the challenged action of Defendants; and 3) it is likely, not merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Env'l Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan*, 504 U.S. at 560-61).

Here, Plaintiff alleges no injury to himself from the alleged sale of tobacco products to minors or the alleged misuse of commissary funds. Consequently, he lacks standing to bring these claims, and the Court dismisses them for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### *C. Plaintiff's fourth claim*

Plaintiff challenges his plea deal as being based on advice which later proved erroneous. A challenge to the fact or duration of confinement, however, should be brought as a petition for writ of habeas corpus and is not the proper subject of a civil-rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

### IV. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims related to mold and his plea deal are **DISMISSED** under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and that plaintiff's claims related to the sale of tobacco and misuse of commissary funds are **DISMISSED** under Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that <u>**within 30 days**</u> from entry of this Memorandum Opinion and Order, Plaintiff may file an amended complaint to name Defendant(s), including in what capacity(ies) he sues them, and to describe what actions that Defendant(s) took related to his claims concerning COVID-19 and HIV/AIDS.

**Should Plaintiff not file an amended complaint within the allotted time, the Court will dismiss this action for the reasons stated herein.**

The Court **DIRECTS** the Clerk of Court to place this case number and "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to file an amended complaint as well as three summons forms should Plaintiff wish to add Defendant(s).

Date: May 16, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Christian County Attorney
4414.009